[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Louise D. Robinson appeals the decision of the defendant commission on human rights and opportunities dismissing the complaints of discrimination that she filed against the state of Connecticut, the secretary of state, the department of children and families and the judicial department of the state. The commission acted pursuant to General Statutes § 46a-82
(e). The plaintiff appeals pursuant to § 4-183. The court finds in favor of the defendants.
A review of the record and the complaint filed by Ms. Robinson with the commission indicates that her claim of housing discrimination is based on the termination of her Section 8 CT Page 3074 assistance in 1989. The plaintiff's claim of employment discrimination is based on the termination of her employment in the office of the secretary of the state sometime prior to April 1994. Ms. Robinson also claims that she was illegally discriminated against when the court transferred guardianship of her children to their father in 1992 and refused to reconsider that decision in October 1994.
Ms. Robinson filed her complaint with the commission on human rights and opportunities on August 9, 1995, alleging the acts of discrimination summarized above. The commission reviewed the complaint and dismissed it, citing § 46a-82 (e). At Ms. Robinson's request, the commission reconsidered the dismissal, but then confirmed it.
Section 46a-82 (e) of the Connecticut General Statutes reads as follows:
 Any complaint filed (with the commission) must
be filed within one hundred eighty days after the alleged act of discrimination . . . .
As is clear from the above summary of the facts in this case, Ms. Robinson did not file her complaint with the commission within one hundred eighty days after any of the acts of discrimination that she alleges occurred. The commission had no choice, therefore, except to dismiss the complaint.
Ms. Robinson stated to the court during the hearing on this appeal that she was not aware of the strict mandatory time limit for filing a complaint. However, the state legislature clearly established that limit when it enacted the law, and as a result, the commission had no power to accept the complaint. Nor does the court have the power to change the law.
The commission acted correctly and in accordance with the law in dismissing Ms. Robinson's complaint. Her appeal of that decision must, therefore, be dismissed.
MALONEY, J.